UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANNY E. BROWN, SYLVESTER BUTLER,
KENNETH CAUDILL, SAMMY J. DOUSE,
WILLIE ENGLISH, SIDNEY EVERETT,
KELVIN FRAZIER, MORRIS J. GILBERT,
JIJUAN T. HAGANS, BENJAMIN LAFLOWER,
CURT MASSIE, ANTONIO J. MCCLOUD,
LAMAR A. MIFFIN, KUNTA PORTER, ISSAC
SHARPE, JEREMIAH THOMAS, EUGENE E.
ULRATH, REGINALD WILLIAMS,

            Plaintiffs,

vs.                              Case No. 2:03-cv-526-FtM-29DNF

SECRETARY, DEPARTMENT OF
CORRECTIONS, GERALD H. ABDUL-WASI,
JOSEPH THOMPSON, CHESTER LAMBIN,
JOSEPH PETROVSKY, WENDELL
WHITEHURST,

            Defendants.
_____/


**OPINION AND ORDER**

_____This matter comes before the Court on Plaintiffs' Motion for
Reconsideration of Opinion and Order Denying Class Certification
(Doc. #210) filed on June 29, 2005. Defendants filed their
Opposition (Doc. #212) on July 8, 2005.

**I.**

Reconsideration of a court's previous order is an
extraordinary remedy and, thus, is a power which should be used
sparingly. American Ass'n of People with Disabilities v. Hood, 278
F. Supp. 2d 1337, 1339 (M.D. Fla. 2003), citing Taylor Woodrow
Constr. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072,

1072-73 (M.D. Fla. 1993).  The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice."  Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994).

"A motion for reconsideration should raise new issues, not merely readdress issues litigated previously."  PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995).  The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision.  Taylor Woodrow, 814 F. Supp. at 1073; PaineWebber, 902 F. Supp. at 1521.  "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based. Taylor Woodrow, 814 F. Supp. at 1072-73.

A motion for reconsideration does not provide an opportunity to simply reargue – or argue for the first time – an issue the Court has once determined.  Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure."  Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988).  "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration."  Mannings v. School Bd. of Hillsborough County, Fla., 149 F.R.D. 235, 235 (M.D. Fla. 1993).  Unless the movant's

arguments fall into the limited categories outlined above, a motion to reconsider must be denied.

## II.

In its previous Order (Doc. #205), the Court denied Plaintiffs' Motion for Class Certification finding, *inter alia*, that plaintiff failed to satisfy the typicality and commonality requirements under Fed. R. Civ. P. 23(a)(2) and (3) and the injunctive relief requirement under Fed. R. Civ. P. 23(b)(3).  In their Motion for Reconsideration, plaintiffs reargue the merits of their amended motion for class certification.[1]  Moreover, plaintiffs cannot successfully contend that their arguments are based on new evidence.[2]  Similarly, plaintiffs do not contend that

---

[1]Plaintiffs provide a litany of cases illustrating when courts have granted class certification where plaintiffs are prisoners. None of these cases are controlling on this Court.  While Anderson v. Garner, 22 F. Supp. 2d 1379 (N.D. Ga. 1997), and Austin v. Hopper, 15 F. Supp. 2d 1210 (M.D. Ala. 1998), are decisions made by other district courts in the Eleventh Circuit, the facts in Anderson and Austin are clearly distinguishable.  Anderson involved a one-time "shakedown" event on a specific day at a particular facility.  Austin involved the use of a hitching post as a disciplinary tool in inmate work squads.  Unlike the plaintiffs in Anderson and Austin, plaintiffs in this case allegedly suffered injuries from various correctional officers under differing circumstances.  The Court finds that these facts do not satisfy the commonality and typicality elements.

[2]Plaintiffs' expert's full report does not constitute new evidence as plaintiffs could have submitted the report before the Court issued its Order.  Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997) ("[W]here a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was no available during the pendency of the motion.").  In any event, the full report does not persuade the Court that class certification
(continued...)

reconsideration is necessary to correct clear error or prevent manifest injustice.  Finally, plaintiffs do not contend that there has been an intervening change in controlling law.  In short, plaintiffs have not shown that they are entitled to the extraordinary remedy which they seek.  Thus, their motion for reconsideration is due to be denied.

Accordingly, it is now

**ORDERED**:

Plaintiffs' Motion for Reconsideration of Opinion and Order Denying Class Certification (Doc. #210) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __18th__ day of July, 2005.

_____
JOHN E. STEELE
United States District Judge

Copies:
Magistrate Judge
Counsel of Record

---

[2] (...continued)
would be appropriate.